REQUESTED BY: Mike Boyle, Douglas County Election Commissioner.
1. Who may sign and circulate recall petitions?
2. Who may vote in the recall election if the petition effort is successful?
3. Is the cost reimbursement ceiling found within section79-610, R.R.S. 1943, applicable to recall elections?
1. Any elector of the county in which the subdistrict is located.
2. Only electors of the subdistrict itself.
3. Yes.
Inasmuch as the first two conclusions reached in this opinion are specifically applicable only to the facts presented herein, those facts will be set forth at the outset.
We have been informed that a group of Douglas County citizens has organized for the purpose of initiating a recall petition against three directors of the Omaha Public Power District. Prior to this time, pursuant to section70-612, R.R.S. 1943, the Omaha Public Power District divided into subdistricts and these three directors in question were elected from a subdistrict as opposed to having been elected at large. Some of the citizens desiring to circulate and sign petitions reside within the physical boundaries of the Omaha Public Power District but are not residents of the subdistrict from which these particular directors were elected. They are, however, residents of Douglas County.
We are also advised that the physical boundary of the subdistrict from which the directors were elected, while in some cases exceeding the corporate limits of the City of Omaha, does not exceed the boundaries of Douglas County even though the physical boundaries of the Omaha Public Power District itself encompass several counties.
With these facts in mind, several statutory provisions are considered. Section 70-618, R.R.S. 1943, provides in pertinent part:
 "Members of the board of directors [of Public Power Districts] may be removed from office for the same reasons and in the same manner as provided by law for the removal of county officers."
Additionally, section 23-2010, R.R.S. 1943, referring to the removal of county officers provides as follows:
 ". . . The procedure to accomplish the removal by recall of any incumbent of such office shall be as follows: A petition signed by the electors of any county
equal in number to at least twenty-five per cent of the total number of votes case in such county for the office of Governor or President at the last preceding general election, demanding the election of a successor to the person sought to be removed and naming the candidate proposed for election to succeed him, shall be filed with the county clerk. . . ." (Emphasis added.)
An examination of these two sections leads us to the conclusion that directors of public power districts are subject to recall just as county officers are and the procedure for implementation of such is the same. The difficulty is that the procedure for removal of county officers contemplates that they would have been elected on a county wide basis. No provision is made therein for alternative procedures where the removal is sought of a county officer elected on a district basis.
We have had an occasion to previously consider this problem and in the Opinion #126 (found in the Reports of the Attorney General for 1975-76 at page 175), held with regard to Lincoln County, Nebraska, that recall petitions for county commissioners elected by district might be circulated throughout the county, but if successful only those electors of the districts themselves would be permitted to vote in the recall election.
While we believe that the legal conclusion reached therein is a correct one, such a conclusion is also mandated as a practical matter. It appears to us as though it would be impossible to determine the number of total votes cast for governor at the November, 1978, general election in each subdistrict given the facts presented herein. This is because the boundaries of the subdistrict exceed precinct boundaries and therefore, no practical manner is envisioned for computation of the votes cast within each subdistrict. Therefore, as a practical matter the only method for determining whether or not the recall petition effort has been successful is to accomplish such on a county wide basis.
Once it has been determined that a sufficient percentage of the electors of the county wish to consider the recall of these directors and an election for this purpose is set, we would be of the opinion that only those persons who would have been eligible to case votes for or against these individuals in the first instance would be entitled to vote in the recall election. Stated differently, we are of the opinion that only those persons who are residents of the subdistrict from which the director was elected may vote in the recall election even though persons from other geographical locations within the county itself were eligible to sign the recall petitions.
Finally, because of the language of section 23-2010, R.R.S. 1943, referring to electors of any `county' we are of the opinion that persons who are within the geographical limits of the Omaha Public Power District but who are not actual electors and residents of Douglas County would not be eligible to circulate petitions, sign them, or to vote in the recall election.
Therefore, given the facts presented here, we are of the opinion that any qualified elector of Douglas County may act as a circulator of these petitions or may sign such a petition but only qualified electors of the subdistrict may actually vote in any recall election.
As to the cost reimbursement ceiling, section 70-610, R.R.S. 1943, provides in part:
 ". . . Each public power district shall pay for the election expenses of nominating and electing its directors as provided in this section. . . ."
The section goes on to make provisions for the reimbursement of the county depending upon the county's population. We believe that once the recall petition process has been successful and the election mandated, such an election is an election contemplated by section 70-610, R.R.S. 1943, and the ceilings contained therein are therefore controlling.
In this regard we do call your attention to the provisions of the last paragraph of section 70-610, R.R.S. 1943, which may or may not be applicable given the size of the subdistricts in question. This paragraph provides for a further reduction in the reimbursement under certain conditions.